```
_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED
```

**MAY 14 2024**

```
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY
```

Magistrate Judge Brian A. Tsuchida

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BRIAN LOPEZ<br><br>Defendant. | CASE NO. MJ24-287<br><br>COMPLAINT for VIOLATION<br><br>Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2. |

BEFORE, Brian A. Tsuchida, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT ONE

**(Possession of Controlled Substances with Intent to Distribute )**

On or about May 14, 2024, in Kent, within the Western District of Washington, and elsewhere, the defendant BRIAN LOPEZ, did knowingly and intentionally possess with intent to distribute, and aid and abet the possession of, with the intent to distribute methamphetamine, cocaine, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl)] substances controlled under Title 21, United States Code.

Complaint - 1
*United States v. Brian Lopez, MJ24-287*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       All in violation of Title 21, United States Code, Section 841(a)(1).

2       And the complainant states that this Complaint is based on the following

3 information:

4       I, SALVATORE GIAMPAPA, being first duly sworn on oath, depose and say:

5       **AGENT BACKGROUND AND INTRODUCTION**

6       1.     I am employed as a Special Agent (SA) with the United States Drug

7 Enforcement Administration (DEA) and have been so employed since August 2020. I

8 am currently assigned to the Seattle Field Division. In this capacity, I investigate

9 violations of the Controlled Substance Act, Title 21, United States Code, Section 801 *et*

10 *seq.*, and related offenses. I have received specialized training in the enforcement and

11 investigation of the Controlled Substance Act. I have received over 620 hours of

12 classroom training on topics including, but not limited to, drug identification, drug

13 interdiction, detection, money laundering techniques and schemes, smuggling, and the

14 investigation of individuals and/or organizations involved in the illegal possession,

15 possession for sale, sales, importation, smuggling, cultivation, manufacturing, and illicit

16 trafficking of controlled substances. Prior to becoming a SA with the DEA, I was

17 employed as an Officer in the United States Coast Guard from May 2015 to August

18 2020. In that capacity, I enforced maritime law, responded to emergencies, and

19 preserved and protected people and property. During this time, I was trained and

20 involved in investigations of criminal offenses including, but not limited to, narcotics,

21 smuggling, and DUI.

22       2.     In my role as a SA for the Drug Enforcement Administration, I have

23 participated in narcotics investigations (i.e., heroin, cocaine, marijuana, and

24 methamphetamine) which have resulted in the arrest of individuals and the seizure of

25 illicit narcotics and/or narcotic-related evidence and the forfeiture of narcotics-related

26 assets. I have been involved in the service of search warrants as part of these

27 investigations. Because of my experience in serving these search warrants, I have

Complaint - 2
*United States v. Brian Lopez, MJ24-287*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    encountered and have become familiar with various tools, methods, trends,

2    paraphernalia, and related articles utilized by various traffickers in their efforts to

3    import, conceal, and distribute controlled substances. I am also familiar with the various

4    methods of packaging, delivering, transferring, and laundering drug proceeds.

5    Additionally, through my training and experience, I can identify illegal drugs by sight,

6    odor, and texture.

7         3.    I have participated in the debriefing of defendants, witnesses, and

8    informants, during which I have discussed with them their methods of drug smuggling,

9    distribution, packaging, trafficking, avoiding law enforcement, and laundering proceeds,

10   among other concerns related to drug trafficking. I have discussed and learned from

11   other law enforcement investigators in regard to these matters as well.

12        4.    In addition to practical experience, I have received formal training in

13   controlled substances enforcement. This includes training regarding controlled substance

14   recognition, field testing, undercover investigations, telecommunications analysis,

15   surveillance techniques, financial investigations, and clandestine laboratories.

16        5.    The facts set forth in this affidavit arise from my personal and direct

17   participation in the investigation, my experience and training as an FBI Special Agent,

18   my conversations with witnesses and other law enforcement personnel, including

19   consultations with other agents participating in this and related investigations, and my

20   review of relevant documents and reports. I have not included every fact known to me or

21   other investigative personnel concerning this investigation. My specialized training and

22   experience in drug investigations as well as the assistance and input of experienced

23   fellow investigators, form a basis for my opinions and conclusions, which I drew from

24   the facts set forth herein.

25        6.    As set forth below, there is probable cause to believe that defendant Brian

26   LOPEZ, committed the count alleged above. Since this affidavit is being submitted for

27   the limited purpose of establishing probable cause, I have not included every fact known

Complaint - 3
*United States v. Brian Lopez, MJ24-287*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    concerning this investigation. I have set forth only the facts I believe are essential for a

2    fair determination of probable cause.

3                              **SUMMARY OF PROBABLE CAUSE**

4        9.      The United States is conducting a criminal investigation of a regional Drug

5    Trafficking Organization ("DTO") believed to be supplied by a Mexico-based DTO.

     Investigators are referring to this regional DTO as the "Jay Thrax DTO." The Jay Thrax

6    DTO is believed to pick of narcotics in the Los Angeles and Phoenix areas and traffic

7    the narcotics to the Seattle area for redistribution. The targets of this investigation

8    include Hector Jacobo Duran Aldaco (aka Jay Thrax), Damian Pina-Raymundo, Daniel

9    Moreno, Rogelio Pena, David Padilla, Alexander Ortiz, Neldin Licona Rivera,

10   Alexander Kemp, Bryan Gonzalez-Gutierrez, Sebastian Rojas, Brian Pedraza Cisneros,

11   Jose Rodolfo Aguilar Cortes, Salina Atsement, Maycol Falcon Delgado, and others both

12   known and unknown.

13       10.     During this investigation, investigators obtained authorization to intercept

14   wire and electronic communication over traditional cell phones and social media

15   accounts, tracking warrants and pen registers for numerous cell phones. Investigators

16   have also obtained search warrant to search the social media accounts of various

17   individuals involved in the Jay Thrax DTO.

18       11.     On November 4, 2023, The Honorable District Judge John H. Chun signed

19   an order authorizing the wiretap of the snapchat account "j.thraxio" (hereinafter "Target

20   Account 1" or "TA1") which agents believe is being used by Hector Duran Aldaco.[1] On

     November 5, 2023, investigators began receiving intercepts of Target Account 1. The

21   interceptions period ended on December 4, 2023.

22       12.     On November 24, 2023, The Honorable District Judge John H. Chun signed

23   an order authorizing the interception of wire communications over of the (323) 961-9663

24

25
_____

26   [1] Agents believe that Duran Aldaco is the user of TA1 based on subscriber information received from Snapchat,
     information received from confidential sources throughout this investigation, and data and records obtained from
27   Snapchat after the execution of two search warrants on TA1.

(hereinafter "TT40"). Investigators believe that TT40 was[2] a phone used by Duran Aldaco as he provided the phone number to an individual to call him over Target Account 1 during the discussion of a narcotics transaction. On November 25, 2023, investigators began receiving the wire intercepts of TT40. The interceptions were terminated on December 15, 2023.

13.    On February 1, 2024, The Honorable District Judge John H. Chun signed an order authorizing the interception of wire communications over of the (323) 678-8539 (hereinafter "TT63"), believed to be used by Hector Duran Aldaco, and (206) 782-2784 (hereinafter "TT50"), believed to be used by David PADILLA[3], as well as Snapchat accounts "J.thraxio" (hereinafter "TA1") and "Toosmoove2x23" (hereinafter "TA35"), believe to be used by Rogelio PENA[4]. Investigators began receiving interceptions of TT63 and TT50 on February 2, 2024 and began receiving interceptions of TA1 and TA35 on February 5, 2024. Interceptions terminated on March 1, 2024 for TT63 and TT50 and on March 4, 2024 for TA1 and TA35.

14.    On February 23, 2024, The Honorable District Judge John H. Chun signed an order authorizing the interception of wire communications over of the 253-398-0204 (hereinafter "TT15"), believed to be used by Damian Pina-Raymundo[5]. Investigators began receiving interceptions of TT15 on February 24, 2024. Interceptions terminated on March 4, 2024.

15.    During the first round of intercepts over of TA1, investigators intercepted a video on November 6, 2023 at 2:15 pm (Session #491), showing an individual identified

---

[2] Agents believe that on December 24, 2023, Duran Aldaco deactivated TT40 and based on toll analysis began to use 323-678-8539 (hereinafter "TT63") as set forth in this affidavit it is believe that Duran Aldaco has begun to use TT80.
[3] Investigators determined David PADILLA as the user of TT50 based on subscriber information, and surveillance on PADILLA, whose observed movements matched those of the GPS pings for TT50.
[4] Investigators determined PENA was the user of TA35 based on numerous photos intercepted between TA1 and TA35, subscriber information on TA35 which shows the date of birth listed for TA35 matches that of PENA and that TT35 was listed as the verified phone number for TA35. Investigators determined PENA as the user of TT35 through surveillance of PENA, whose movements matched the GPS data for TT35.
[5] Investigators determined PINA-RAYMUNDO as the user of TT15 based on the controlled purchase of evidence through the use of a CI which was arranged over TT15 and which PINA-RAYMUNDO sold the narcotics. Additionally, investigators verified through surveillance of PINA-RAYMUNDO and tracking of TT15.

Complaint - 5
*United States v. Brian Lopez, MJ24-287*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

as Sebastian Esquivel Rojas from his WA DOL photo brandishing a firearm. In the background of that video investigators observed LOPEZ as identified by his DOL photo. Additionally, investigators conducted surveillance later the same day and observed Brin LOPEZ accompanying Hector Duran Aldaco, Rojas and a fourth unidentified Hispanic male.

16.     On November 6, 2023, at 10:18 am (session #329), Hector Duran Aldaco sent a message from TA1 to an account with the username "railroadbrian" (TA9). Prior to the authorization to intercept wire and electronic communications over TA1, investigators submitted a 2703(d) to Snap Inc. for subscriber information and tolls for TA9 on May 26, 2023. The records show that the subscriber using TA9 had a date of birth listed as the exact same date of birth for LOPEZ. The subscriber information also listed 206-830-8504 (hereinafter "TT2")[6] as the verified[7] phone number associated with that account. Additionally, as discussed above, the Washington DOL for LOPEZ is 604 Railroad Avenue South, Kent, Washington 98032 (hereinafter "**Subject Premises 2**") which is located on *Railroad* Avenue. Given the commonality between TA9's username ("*railroad*brian") with LOPEZ's name and address I believe this indicates that LOPEZ is the user of TA9. The below is a transcript of the conversation between TA9 and TA1 on November 12, 2023:

> LOPEZ: "Let me work w those no ay pa tomar ahorita huh [there isn't any to drink right now]" (5:02 pm, Session #5599)
>
> Hector Duran Aldaco: "Ahorita no ahi nada pri hasta Tuesday [not right now, there is nothing there until Tuesday, cousin]" (5:26 pm, Session #5595)
>
> LOPEZ: "Yupp" (5:27 pm, Session #5604)

---

[6] During the investigation, agents believe that TT2 is used by LOPEZ based on subscriber records that have TT2 subscribed to LOPEZ at Subject Premises 2, additionally agents observed that the court authorized GPS tracking of TT2 was consistent with the movements of LOPEZ through surveillance.

[7] According to Snapchat, a verified phone number on a Snapchat account occurs when the user authenticates that number as associated to the account via a text message or phone call to the number itself. Additionally, a verified phone number can only be linked to a single specific Snapchat account at a time.

Complaint - 6
*United States v. Brian Lopez, MJ24-287*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Hector Duran Aldaco: "U got the rest of the funds [money] I'm leaving OT [out of

2    town] manana [tomorrow]" (5:27 pm, Session #5598)

3    LOPEZ: "I'm low still I can toss you some tm [tomorrow] fs [for sure] I haven't

4    got nun [nothing] together like that" (5:27 pm, Session #5601)

5    17.    Hector Duran Aldaco: "You good just get me when u can we'll have shit

6    [narcotics] soon" (5:31 pm, Session #5675).

7    18.    I know, based on my training and experience that "work" is a common

word used by narcotics traffickers to indicate a request to be supplied controlled

8    substances to subsequently sell them. I believe that when LOPEZ asked Hector Duran

9    Aldaco for "work" he was asking Hector Duran Aldaco for controlled substances, but

10    Hector Duran Aldaco replied that he was out. I believe, based on my training and

11    experience that when Hector Duran Aldaco asked about "funds" he was inquiring as to

12    whether LOPEZ had the money that he owed Hector Duran Aldaco from a previous

13    narcotics transactions. I believe, based on my training and experience, that when Hector

14    Duran Aldaco stated "we'll have shit soon" he was telling LOPEZ that Hector Duran

15    Aldaco was going to have a supply of controlled substances in the near future.

16    19.    On February 11, 2024, at approximately 6:42 p.m. investigators intercepted

17    calls on TT63 between Hector Duran Aldaco and Daniel Dickson who was using 360-

18    720-6101 (hereinafter "Target Telephone 54" or "TT54") (Session #259. The

19    conversation was in English:

20    Hector Duran Aldaco: Yo

21    Dickson: What's up? Can I grab one [one quantity of narcotics]?

22    Hector Duran Aldaco: Yeah. I gotchu and, whatever is missing I gotchu too.

23    Dickson: A'ight. Yeah because I'm probably gonna hit you again tonight cuz,

24    like, my phone keep blowing up.

25    Hector Duran Aldaco: Ok sounds good.

26    Dickson: How long?

27

Complaint - 7
*United States v. Brian Lopez, MJ24-287*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Hector Duran Aldaco: Uhh, let me get it ready [audio glitched] Like the next hour or less.

Dickson: A'ight, well, I'll be at the uh, skating rink like around 7:30.

Hector Duran Aldaco: A'ight, yeah that's perfect.

Dickson: A'ight gotchu.

20.     I believe, based on my training and experience, that Dickson called Hector Duran Aldaco and asked for a quantity of narcotics. I further believe that Hector Duran Aldaco told Dickson that he would work on getting the drugs ready, and would have it ready in the next hour or less, and Dickson responded that he would be at the skating rink around 7:30 p.m.

21.     Shortly after the above-described conversation, starting at approximately 8:05 pm investigators intercepted the below conversation on TA1 between Hector Duran Aldaco and LOPEZ using TA9.

Hector Duran Aldaco: Way (Session 25324)

LOPEZ: Pullin up (Session 25321)

LOPEZ: Like 5 out (Session 25333)

Hector Duran Aldaco: Hit the skating ring here in fed first (Session 25330)

Hector Duran Aldaco: For the full one (Session 25326)

LOPEZ: Ok (Session 25322)

LOPEZ: I got you (Session 25328)

22.     At approximately 8:08 pm (Session 260), investigators intercepted a call made from Hector Duran Aldaco on TT63 to Daniel Dickson on TT54. Hector Duran Aldaco asked Dickson if he was at the skating rink. Dickson said he was, and Hector Duran Aldaco said "my homie is gonna be in a Honda Accord." Dickson acknowledged and ended the call.

23.     At approximately 8:17 pm (Session 261) investigators intercepted another call made from Hector Duran Aldaco using TT63 to Dickson at TT54 and told Dickson his "homie" was there in a silver Honda Accord.

Complaint - 8
*United States v. Brian Lopez, MJ24-287*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

24.     At approximately 8:27 pm, (Session 266), investigators intercepted another call made from Hector Duran Aldaco using TT63 to Dickson at TT54 and asked Dickson if he had connected with Hector Duran Aldaco's guy. Hector Duran Aldaco clarified where the silver Honda was in the lot. Dickson said he was going to walk over there.

25.     At approximately 8:44 pm, (Session 271), Dickson using TT54 called Hector Duran Aldaco at TT63 and said "did you see what I sent you?" Hector Duran Aldaco said he was checking and then asked what Dickson sent. Dickson said "it was only like 1752." Hector Duran Aldaco clarified and said he would check and call him back. Dickson said he might call him back because he was going to need another two.

26.     I know based on my training and experience that a "full one" often refers to an amount of narcotics, most often a large amount such as a kilogram. I believe, based on my training and experience, that Duran Aldaco directed LOPEZ to deliver narcotics to Dickson on his behalf at the skating ring, as Dickson had previously indicated where he was going to be. I further believe that Hector Duran Aldaco coordinated with Dickson as to where he should meet LOPEZ in the skating rink parking lot. Investigators were unable to arrive at the location in time to observe the meeting with LOPEZ, but they later observed Dickson at that same location.

27.     On May 10, 2024, the Honorable Brian A. Tsuchida, United States Magistrate Judge, authorized a search warrant for Subject Premises 2. On May 14, 2024, agents searched Subject Premises 2. During a search of the residence, investigators searched a bedroom believed to be Brian LOPEZ' as it contained a driver's license for Brian LOPEZ on the bed, mail addressed to Brian LOPEZ, as well as for others. Investigators also located approximately one ounce of cocaine, two ounces of meth and 200 blue M30 pills which I know, based on my training and experience, often contain fentanyl and a large digital scale.

28.     Investigators believe this room was shared with Brian LOPEZ and Brian LOPEZ' brother, Osvaldo Lopez, who when questioned by investigators stated there were no drugs in the bedroom. Osvaldo Lopez confirmed the room was shared by himself and Brian LOPEZ. The other two rooms for the house were occupied by Brian LOPEZ'

Complaint - 9
*United States v. Brian Lopez, MJ24-287*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

parents and younger sisters. Investigators also located a firearm in a shared space of the residence.

29.     I know, based on my training and experience that the above-described controlled substances are above personal use quantities and are more consistent with distribution quantities. I also know based on my training and experience that a scale is indicative of measuring narcotics for the sale and distribution of narcotics.

30.     Based on the above facts, I respectfully submit that there is probable cause to believe that Brian LOPEZ did knowingly and intentionally possess with intent to distribute controlled substances, including methamphetamine and fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

SALVATORE GIAMPAPA,
Complainant
Special Agent, DEA

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the defendant committed the offense set forth in the Complaint.

Dated this 14th day of May, 2024.

Brian A. Tsuchida
United States Magistrate Judge

Complaint - 10
*United States v. Brian Lopez, MJ24-287*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970